George A. SARANDOS, Appellant,

v.

DAVE SELINE ROOFING COMPANY,
Appellee.

No. 16159.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 16, 1973.

Engel, Groom, Miglicco & Gibson, David A. Gibson, Houston, for appellant.

Bailey, Blum & Lipper, Joseph Lipper, Houston, for appellee.

PEDEN, Justice.

Suit on a sworn account, for installation of roofing materials, based on an oral agreement to pay $2,500 and on additional labor for which $1,670 was sought. At the conclusion of the evidence the trial court granted the motion of plaintiff Seline Roofing to withdraw the case from the jury and rendered judgment for the plaintiff.

The appellant-defendant, Mr. Sarandos, urges as his first point of error that the trial court erred in withdrawing the case from the jury and rendering judgment for the plaintiff. Under this point he contends that the evidence raised four fact issues for consideration by the jury.

Plaintiff's original petition alleged that the plaintiff company did, at the special instance and request of the defendant, perform certain labor for and furnish certain materials to the defendant as shown by an itemized statement marked "Exhibit A" and attached to the petition. That plaintiff and defendant agreed that the work and materials described would be furnished for $2,500, but after the job was begun it was found that defendant did not have certain necessary cut pieces of roofing tile and it was necessary for the plaintiff to do the additional work of cutting them and of installing drains, for which the additional charge of $1,670 has been made. That the defendant did not have the tile for plaintiff to complete the job, so plaintiff has allowed a credit of $100; a balance of $100 is due on the original charge of $2,500, plus $1,670 for the additional work, making the balance due on the entire job amount to $1,770 plus an attorney's fee.

Exhibit A was an itemized account of the work and materials, and it was verified in compliance with Rule 185, Texas Rules of Civil Procedure.

The defendant's answer consisted of a general denial plus an allegation that plaintiff's claim was not just or true in part in that A) the invoice shown as an exhibit to plaintiff's petition fails to show all credit offsets, B) defendant denies that the invoice is correct because he did not agree to pay the sum of $1,670 for the additional labor done in cutting tile and installing drains and C) the invoice is incorrect in that plaintiff did not finish the contract for which he was paid the full consideration of $2,500.

A general denial of the debt, though supported by affidavit, is insufficient to require proof in support of a suit on a sworn account. When the defendant files a denial, in compliance with the requirements of Rules 185 and 93(k), Texas Rules of Civil Procedure, but questions only a part of the items, those not challenged are admitted. Upon proper pleadings, however, a defendant may defend on other grounds. 2 McDonald, Texas Civil Practice 240–241, § 7.31 (1970 ed.).

In our case, no other grounds of defense were pleaded.

Since the trial court sustained the plaintiff's motion for judgment on the basis that no issue of material fact had been raised by the defendant and that the plaintiff was entitled to a judgment, we must accept as true the evidence in the record supporting the allegations in defendant's answer. All conflicts and inconsistencies must be resolved in favor of the defendant, and we must draw all inferences therefrom most favorable to the defenses raised by the defendant.

Allegation A in defendant's answer is not the subject of any complaint on this appeal.

Defendant's allegation C is the basis of his assertion that one of the fact issues raised by the evidence was as to what percentage of the job plaintiff failed to complete. Defendant testified that two to three per cent of the tile installation work still needed to be done. Appellee's president testified that only one per cent of the job was not completed.

The agreed price for the work which included laying the tile was $2,500. Three per cent of $2,500 is $75, and the trial court allowed defendant a credit of $100 for the plaintiff's failure to finish laying the tile. We find no error under allegation C.

Another fact issue which the appellant contends was raised by the evidence was whether the parties agreed to a major revision of the original contract price of $2,500.

In allegation B of the defendant's answer his challenge to plaintiff's sworn account was:

B. Defendant further alleges that the invoice is not true and correct in that

Defendant denies that he had agreed to pay Plaintiff the additional sum set forth on the Exhibit as "to labor cutting tile for hips, ridges and valleys and installing drains" in the amount of $1,670.

Plaintiff did not plead that the defendant had agreed to pay $1,670 for the additional work, but that $1,670 was a reasonable charge for such additional work made necessary by the defendant's inability and failure to carry out his agreement to supply the necessary pieces of tile. Defendant's allegation B does not amount to a challenge of the theory of recovery pleaded by the plaintiff. Even if established as a matter of law it would not defeat plaintiff's right to recover. We hold that no reversible error is presented by the appellant's contention that he raised this fact issue.

The third fact issue alleged by the defendant to have been raised by the evidence was whether plaintiff cut the tile at defendant's request and for his benefit or on its own volition for its own convenience. The fourth and last fact issue which appellant says was raised by the evidence was whether defendant or plaintiff was responsible for the change in plans which resulted in additional work for the plaintiff.

We consider that since the plaintiff's suit on a sworn account was not challenged on these matters by the defendant's answer, they were admitted. 2 McDonald, Texas Civil Practice § 7.31 (supra).

We also overrule appellant's other point of error. It complains of the awarding of an attorney's fee, but the stipulation of the parties fully supports the trial court's judgment on this award.

Affirmed.