"June 6–1977 M to reinstate ~~denied~~ granted as per order"

Respondent Gwyn says that the word "denied" was stricken on June 6, at which time the judge actually granted the motion to reinstate. Relator, N–S–W Corporation on the other hand, says that the trial judge changed the order after June 6, but, in any event, the docket entry may not impeach the court's order.

 A docket entry may supply facts in certain situations, *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871 (1939), but it cannot be used to contradict or prevail over a final judicial order. *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (1937); *Ex parte Rains,* 113 Tex. 428, 433, 257 S.W. 217, 220 (1923); *Stark v. Miller,* 63 Tex. 164 (1885).

We accordingly grant the prayer for a mandamus ordering the vacation of the July 11 order. Judge John Snell, Jr., who heard the motion, is now deceased, and this mandamus is directed to his successor in office. The writ of mandamus will issue only in the event the reinstatement order is not vacated.

**PER CURIAM.**

The judgment of the court of civil appeals, 553 S.W.2d 174, in remanding the cause for new trial is correct, and accordingly we refuse the application for writ of error, no reversible error.

The applicability of the so-called Rule of 78ths, Tex.Rev.Civ.Stat.Ann. art. 5069–3.-15(6), to the situation of default and acceleration was not directly considered by the lower courts. We express no opinion as to its applicability in the event the question is raised in the second trial.

A. Donald DAVIES, Bishop of the Episcopal Diocese of Dallas, Relator,

v.

Frank A. MASSEY, Chief Justice et al., Respondents.

No. B–7139.

Supreme Court of Texas.

Jan. 18, 1978.

Henry R. CHAVEZ et ux., Petitioners,

v.

AETNA FINANCE COMPANY, Respondent.

No. B–6994.

Supreme Court of Texas.

Jan. 4, 1978.

Stephen G. Cochran, San Antonio, for petitioners.

Howard E. Moore, Dallas, for respondent.

