ZEMACO, INC., Appellant,

v.

Franklin R. NAVARRO, Appellee.

No. 1204.

Court of Civil Appeals of Texas, Tyler.

March 29, 1979.

Rehearing Denied May 10, 1979.

Sharolyn P. Wood, David L. Cook, Jr., Ross, Banks, May, Cron & Cavin, Houston, for appellant.

James Randall Austin, Houston, for appellee.

McKAY, Justice.

This is a suit on a sworn account. Appellant, an Ohio corporation which sells animal supplies, sued appellee, individually and d/b/a Navarro Farms, alleging that it sold and delivered to appellee various items of merchandise listed in two invoices attached as an exhibit to appellant's petition, at a total price of $381.19, the same allegedly being the reasonable market value of the goods and the agreed price. It was alleged that appellee promised to pay for the goods and was requested to do so, but failed and refused to pay the amount due. Appellant further alleged demand for payment upon appellee more than 30 days prior to the filing of suit, thus entitling it to reasonable attorney's fees which it alleged to be at least $127.00. Also attached to the petition was a verified affidavit by the president of appellant, stating that the account was just and true, that all just and lawful offsets, payments and credits had been allowed, and that the sum of $381.19 was due, owing and unpaid.

In response, appellee filed his answer, consisting of a general denial and specifically alleging that the account was "not due, just and true, and owing" by appellee. Further, with respect to the merchandise, appellee alleged that he had not ordered it, that if it were ordered such was done without appellee's authority, that appellee had not promised to pay for it, that appellee had no personal knowledge that it was delivered to him, and that it had not been delivered to him. Appellee's answer also contained an allegation that the attorney's fees claimed by appellant were unreasonable and were not recoverable under Article 2226, Tex.Rev.Civ.Stat.Ann., by appellant. Appellee supplemented his answer with an allegation that the claim had been settled by appellant's retention of appellee's check for one-half of the alleged sale price (the amount allegedly agreed upon) for 24 days.

Appellant filed a motion for summary judgment which has not been made a part of the record before this court. Appellee filed an instrument denominated "Affidavit in Opposition to Plaintiff's Motion for Summary Judgment," wherein appellee alleged the settlement and appellant's repudiation thereof; the unreasonableness and unrecoverability of attorney's fees prayed for by appellant; and that he never had an account with appellant, the goods were not sold or delivered to him, and he did not promise to pay for them. Appellee further stated, "each and every item [set forth in appellant's invoices] is not just and true . . . ." Appellant's motion for summary judgment was denied, the trial court stating that it considered the pleadings and admissions on file and found that they showed a genuine issue of material fact.

Trial was had without a jury, at the conclusion of which a judgment was rendered in favor of appellee that appellant take nothing. The judgment was denominated an "Agreed Judgment" but was approved, as evidenced by a signature thereon, only by appellee's counsel. The trial court, upon request, made findings of fact that (1) appellee did not order the merchandise from appellant, (2) appellee did not authorize another to act on his behalf in ordering any merchandise from appellant, (3) the merchandise was never delivered to appellee nor to any agent, servant, or employee of appellee, and (4) appellee never ratified any dealing with appellant by any agent, servant or employee; conclusions of law were made that (1) there was no evidence to show that appellee ordered or received merchandise from appellant, and (2) there was insufficient evidence to show the same.

Appellant has duly perfected its appeal and brings 21 points of error to this court. The first point complains of error by the trial court in failing to render judgment for appellant for the reason that appellee's answer failed to deny the sworn account in the language prescribed by Rule 185, T.R. C.P.

Rule 185 provides, in part:

"When any action . . . is founded upon an open account or other claim for goods, wares and merchandise . . on which a systematic record has been kept, and is supported by the affidavit of

the party, his agent or attorney . . . to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

Following the general denial in appellee's original answer appears this paragraph: "Defendant further alleges that the Account made the basis of Plaintiffs [sic] Petition by reason of the matters set forth in the invoices attached to Plaintiffs [sic] Petition, is not due, just and true, and owing by this Defendant; of which judgment this Defendant prays judgment of this Court."

█ The courts require strict adherence to the rules governing suits on sworn account. It is well settled that a denial of the verified account must be in the terminology of the rules, and the courts have been extremely exacting in the nature of the language used in so denying the account. *Sigler v. Frost Brothers, Inc.*, 555 S.W.2d 813, 816 (Tex.Civ.App.—El Paso 1977, no writ); *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 101 (Tex.Civ.App. —Dallas 1975, no writ); *Oliver Bass Lumber Co., Inc. v. Kay and Herring Butane Gas Co., Inc.*, 524 S.W.2d 600, 602 (Tex.Civ. App.—Tyler 1975, no writ). In *Solar v. Petersson*, 481 S.W.2d 212, 215 (Tex.Civ. App.—Houston [14th Dist.] 1972, no writ), the statement in the defendant's answer that " 'the account, which is the foundation of Plaintiff's account is wholey [sic] not just and true' " was held to constitute, along with the remainder of the answer, nothing more than a general denial and clearly inadequate to deny the sworn account in accordance with the rules. In *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619, 620–1 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ), the defendant's answer did not deny that *each and every item* in the plaintiff's account was just or true, and was thus held to be inadequate to comply with the language required by Rule 185. Similarly, the language used in the answer in the instant case, to-wit: "the Account . . . is not due, just and true, and owing," does not conform to the exacting requirements of Rule 185, which requires that the denial state that "each and every item is not just or true," and is therefore inadequate to deny the justness or truth of appellant's sworn account. No other language contained within the answer approximates that required by Rule 185.

Appellee, however, does not contend here that the language of his answer complies with Rule 185. Rather, it is his contention that the necessary language need not be in the answer itself, but may be placed in a response to a motion for summary judgment, as it was here.

We are of the opinion that Rule 185 and Rule 93(k), T.R.C.P., must be construed together in determining the requirements of the pleadings in a suit on a sworn account. The latter rule provides:

"A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

. . . . .

(k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the *answer* shall state that each and every item is not just or true, or that some specified item or items are not just and true." [Emphasis added.]

It is clear that this rule requires that the necessary language appear in the answer itself. The language to be used in the denial as required by Rule 93(k) does not differ from that required by Rule 185, but the former is more specific in requiring that the denial be contained within the answer. The courts have consistently required that,

in suits on sworn account, the provisions of both Rule 185 and Rule 93(k) be complied with. *Duncan v. Butterowe, Inc.,* supra at 620; *Solar v. Petersson,* supra; *Sarandos v. Dave Seline Roofing Co.,* 498 S.W.2d 393, 394 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Oliver Bass Lumber Co., Inc. v. Kay and Herring Butane Gas Co., Inc.,* supra; *Jeffrey v. Larry Plotnick Co., Inc.,* supra; *P. T. Poultry Growers, Inc. v. Darr Equipment Co., Inc.,* 537 S.W.2d 773, 775 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Rizk v. Financial Guardian Insurance Agency, Inc.,* 576 S.W.2d 110, 112 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ granted).

Appellee cites in oral argument *Basse Truck Line, Inc. v. Strickland Transportation Co., Inc.,* 359 S.W.2d 477 (Tex.Civ.App.—El Paso 1962, no writ), and *Products Unlimited, Inc. v. American Radiator & Standard Sanitary Corp., Industrial Division,* 397 S.W.2d 551 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.), as authority for allowing the denial of a defendant in a suit on a sworn account to be located in a filed instrument other than the answer. Both of these cases, however, were decided prior to the 1971 amendment to Rule 93(k). That rule, prior to said amendment, provided that a pleading alleging that a sworn account is not just must be verified, "and, in such case, the answer shall set forth the items and particulars which are unjust." In 1971, the clause just quoted was changed to read as it does now, requiring that the answer, where the entire account is disputed, contain the language, "each and every item is not just or true." The cases cited by appellee are not apposite here.

■ We hold that Rules 185 and 93(k), when applied together (as they must be) to suits on sworn account, require that the language necessary to effectively deny the justness and/or truth of the plaintiff's sworn account, must appear in a pleading of equal dignity with the plaintiff's petition, and therefore must appear in the defendant's answer. The answer of the defendant consists only of those instruments listed in Rule 83, T.C.R.P. An affidavit filed in op-

position to a motion for summary judgment does not comprise a part of the defendant's answer to the plaintiff's petition. The fact that such an affidavit in the instant case contained the language required by Rule 185, does not render it an effective denial of plaintiff's account. Appellant's account and verified affidavit, not being effectively denied, constituted prima facie evidence which entitles it to recover. Rule 185, supra; *Duncan v. Butterowe, Inc.,* supra. Appellant's first point of error is sustained.

■ By its third point, appellant complains of the trial court's failure to award it reasonable attorney's fees. In order to recover reasonable attorney's fees under Article 2226, Tex.Rev.Civ.Stat.Ann., the plaintiff must plead and prove presentment of the claim and the defendant's failure to pay within 30 days thereafter. Said article expressly applies to suits on sworn account. In the instant case, appellant has met its burden. A letter dated February 25, 1975, from appellant's attorney to appellee demanding payment, was introduced into evidence; and the petition herein was filed on May 13, 1975, more than 30 days after said presentment. In view of its prima facie evidence, appellant was not required to present further proof of appellee's failure to pay the debt. Appellee, in his answer, purported to state as a counterclaim that appellant's claim for attorney's fees was unreasonable. Said allegation is correctly viewed as solely a defensive matter and not as a counterclaim, inasmuch as appellee showed no right to affirmative relief therein. Although appellant alleged attorney's fees in the amount of "at least $127," appellant's attorney, in testifying as to that issue, did not limit herself to that amount but testified that $600 would be a reasonable attorney's fee in view of the time and effort expended. This testimony was uncontradicted but cannot be considered conclusive inasmuch as it came from an interested witness. *Anchor Casualty Co. v. Bowers,* 393 S.W.2d 168, 169 (Tex.1965); *Shockey v. Page,* 354 S.W.2d 698, 700 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.).

We find that appellant is entitled to reasonable attorney's fees as a matter of law, and we sustain its third point of error, but we must remand to the trial court for a determination of what is a reasonable amount. Since the reasonableness of attorney's fees is a question of fact, since the court below made no finding as to the reasonable value of the services of appellant's attorney, and since said value is not established as a matter of law, this court cannot make such a finding. *Chavez v. Aetna Finance Co.*, 553 S.W.2d 174, 178 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e., 561 S.W.2d 799 [Tex.1978]). The claim for attorney's fees is a severable claim. We are authorized to sever the claim for attorney's fees and reverse and remand the judgment as to it only. *Cicero Smith Lumber Co. v. Gaston*, 447 S.W.2d 736, 738 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.).

Appellant contends that it is also entitled to prejudgment interest at six per cent per annum from January 1, 1975, until the date of judgment in its favor, in accordance with Article 5069–1.03, Tex.Rev. Civ.Stat.Ann. Appellant, however, has presented no point of error to that effect; therefore, its contention, which does not involve fundamental error, may not be properly passed upon by this court. Appellate courts may, in rare situations, consider an unassigned error, but only if the error can be properly classified as "fundamental error." *Texas Power & Light Co. v. Cole*, 158 Tex. 495, 313 S.W.2d 524, 529 (1958); *Wright v. Gernandt*, 559 S.W.2d 864, 872 (Tex.Civ.App.—Corpus Christi 1977, no writ).

With regard to appellee's supplementary answer concerning an alleged settlement, the trial court refused to consider the same for reasons of public policy, no exception or objection thereto was made or ruled on, and appellee has brought no crosspoint thereon to this court. Again, no fundamental error is involved. Therefore, it is not properly before us for decision. *Smith v. Davis*, 453 S.W.2d 340, 348 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.); *Yelverton v. Brown*, 412 S.W.2d 325, 329 (Tex. Civ.App.—Tyler 1967, no writ).

In view of the foregoing disposition of this appeal, we find it unnecessary to address appellant's remaining points of error.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered that appellant, Zemaco, Inc., recover from appellee, Franklin Navarro, individually and d/b/a Navarro Farms, the principal amount sued for, i. e., $381.19. The severed cause relating to attorney's fees is remanded to the trial court for its determination of the amount of reasonable attorney's fees due appellant.