William T. OWEN, Jr., Appellant,

v.

VIBROSEARCH EXPLORATION, INC., Vibrosearch, Inc., (Denver) Vibrosearch, Inc., Interfirst Bank Houston, N.A., Vibrasonics, Inc., David Hodgin and Roger Hodgin, Appellees.

No. A14–84–366–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 30, 1985.

Rehearing Denied June 27, 1985.

Michael J. Wood, Crain, Caton, James & Womble, Houston, for appellant.

Ronald E. Cook, Mayor, Day & Caldwell, Houston, James L. Hicks Jr., Hicks, Gillespie, James & Lesser, P.C., Dallas, James E. Hayes, Greg Bolzle, Porter & Clements, C. Henry Kollenberg, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This suit began as a garnishment action. Before July of 1982, Vibrosearch Exploration incurred a debt of $86,514.13 to Western Exploration, Inc. for shot drilling services. On November 22, 1982, this debt was assigned to appellant who then secured a Montana judgment on the debt for $87,837.93 against Vibrosearch Exploration. Appellant filed this judgment in Texas under the Uniform Enforcement of Foreign Judgments Act. TEX.REV.CIV. STAT.ANN. art. 2328b-5 (Vernon Supp. 1985). Appellant had a writ of garnishment served to Superior Oil Co. on January 13, 1983. On February 1, 1983, the garnishee answered that it had been invoiced $203,956.41 by Vibrosearch Exploration for services performed. Between the time of service and answer of the writ, Vibrasonics intervened alleging that Vibrosearch Exploration's account receivable from Superior had been sold to it on December 9, 1982. Interfirst Bank Houston intervened alleging that it received a security interest in the account from a loan transaction in July, 1982.

Appellant filed suit to recover the garnished account, damages and punitive damages alleging:

(1) that the sale of Vibrosearch Exploration's assets to Vibrasonics on December 9, 1982 was void as a fraudulent conveyance under TEX.BUS. & COM.CODE ANN. § 24.02 and § 24.-03, (Vernon 1968).

(2) that the transfer of a security interest in the accounts of Vibrosearch Exploration to Interfirst Bank on June 30, 1982 and July 1982 was not made for fair consideration and therefore void under § 24.03; and

(3) that appellees conspired to defraud appellant through the December 9, 1982, conveyance.

Sections 24.02 and 24.03 provide as follows:

§ 24.02. Transfer to Defraud Is Void

(a) A transfer of real or personal property, a suit, a decree, judgment, or execu-

tion, or a bond or other writing is void with respect to a creditor, purchaser, or other interested person if the transfer, suit, decree, judgment, execution, or bond or other writing was intended to

(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled.

(b) The title of a purchaser for value is not void under Sub-section (a) of this section unless he purchased with notice of

(1) the intent of his transferor to delay, hinder, or defraud; or

(2) the fraud that voided the title of his transferor.

§ 24.03. Debtor's Transfer Not for Value Is Void

(a) A transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts.

(b) Subsection (a) of this section does not void a transfer with respect to a subsequent creditor of or purchaser from the debtor.

The relationship between the appellees is that Vibrosearch, Inc. is the parent company and 100 percent owner of Vibrosearch Exploration, Inc. and Vibrosearch, Inc. (DENVER). Vibrosearch purchased the stock of Vibrosearch Exploration in March, 1982, from Roger and Dave Hodgin. The Hodgins are the owners of Vibrasonics, Inc.

The jury found in special issues:

(1) that Western Exploration was a creditor of Vibrosearch Exploration when Interfirst made a loan to Vibrosearch, Inc. in July 1982;

(2) that Interfirst gave value for the security interest that Vibrosearch Exploration granted to Interfirst on June 30, 1982;

(3) that the security interest and guarantee given by Vibrosearch Exploration to Interfirst was made for fair consideration;

(4) that appellant was a creditor of Vibrosearch Exploration on December 9, 1982;

(5) and (6) that on December 9, 1982, the transfer of assets from Vibrosearch Exploration to Vibrasonics was intended by Vibrosearch Exploration to defraud appellant and to hinder or delay appellant from obtaining that to which he was entitled;

(7) that when Vibrasonics acquired the assets of Vibrosearch Exploration, Vibrasonics had notice of the intent to defraud, delay, or hinder;

(13) that the transfer of the assets of Vibrosearch Exploration to Vibrasonics was made for fair consideration;

(16) that appellant's actual damages from the asset transfer to Vibrasonics was $94,321.93.

The trial court found no evidence to support the jury's answers to issues Nos. 5, 6, 7, and 16 and disregarded them. On the basis of the jury findings that Vibrasonics paid fair consideration for the assets of the Vibrosearch companies on December 9, 1982, that Interfirst Bank gave fair consideration in exchange for the security interest in the assets of Vibrosearch Exploration on June 30, 1982, the trial court rendered judgment non obstante veredicto that appellant take nothing and that the garnished funds on deposit be paid to Vibrasonics subject to the interest of Interfirst Bank. We affirm the judgment of the trial court.

Appellant raises twenty points of error and appellees, Interfirst Bank and Vibrasonics, Inc. raise six cross-points of error.

Appellant contends in its second point of error that Interfirst Bank failed to prove any security interest in the garnished

funds. The security agreements given by Vibrosearch Exploration granted Interfirst Bank a security interest in all accounts of Vibrosearch Exploration then or thereafter existing. Appellant asserts that because the security agreement does not list the accounts used as security, or specifically name the Superior Oil account, it cannot be included. There is no legal requirement that the security agreement specifically list each account in which a security interest is being granted. A general reference to the accounts receivable may be used to cover all the accounts. Appellant's second point of error is overruled.

■ Appellant contends in his third point of error that Vibrasonics failed to establish that the garnished funds were owed by the garnishee to Vibrasonics. Appellant argues that the Sale of Assets Agreement dated December 8, 1982, did not convey the account of Superior Oil because that account is not specifically named in the Agreement. The Agreement states that it covers all receivables of whatever kind or nature shown on or accruable as of the date hereof upon the books of Vibrosearch (including Vibrosearch Exploration), including, *but not limited to* those shown on the attached pages ... (emphasis added). No work was done for Superior Oil after the sale. Thus, the Superior Oil account had accrued at the time of the sale and was conveyed under the Agreement. Point of error three is overruled.

■ Appellant contends in his seventeenth point of error that there is insufficient evidence to support the jury's answer to special issue No. 3 that in July, 1982, the security interest and guarantee given by Vibrosearch Exploration, Inc. to Interfirst Bank was made for fair consideration. The jury was instructed that:

The term "fair consideration" means consideration which is substantially equal to or reasonably proportioned to the value of that for which it is given on the date of the transfer. Such does not have to be exactly equal to the value of the property for which it is given. *It may include assumption of, satisfaction of or release of a pre-existing debt of another.* (Emphasis added)

Appellant contends in his argument that the instruction that fair consideration includes the assumption of, the satisfaction of, or release of the debt of another is erroneous. However, appellant has waived this alleged error by not assigning it as a point of error. *Zemaco, Inc. v. Navarro,* 580 S.W.2d 616, 621 (Tex.Civ.App.—Tyler 1979, writ dism'd). We will, however, review the sufficiency of the evidence supporting the jury's answer to special issue No. 3.

■ In July, 1982, Interfirst Bank loaned $9 million to Vibrosearch and extended a $2.5 million line of credit which was used as operating funds for all the Vibrosearch companies. Vibrosearch Exploration guaranteed the loan and line of credit and granted Interfirst Bank a security interest in its assets. Vibrosearch used the funds from the loan to pay a $1 million debt owed by Vibrosearch Exploration and other various debts owed by Vibrosearch and Vibrosearch, Inc. (DENVER). Further, Vibrosearch Exploration's guarantee of a $1.425 million loan to Vibrosearch from Allied Bank was extinguished. Thus, the $11.5 million provided by Interfirst Bank was used to directly benefit Vibrosearch Exploration and to satisfy the pre-existing debt of another. This evidence is sufficient to support the jury's finding that fair consideration was given for the transfer of the security interest. Point of error seventeen is overruled.

Appellant's eighteenth point of error is: The trial court erred in failing to grant appellant's motion for new trial for the reason that there is insufficient evidence to support the jury's answer to special issue No. 13 that Vibrosearch Exploration received fair consideration in granting the security interest and guaranty to appellee Interfirst Bank.

This point incorrectly states the jury's answer to special issue No. 13, which was an affirmative answer to the issue, "Do you find from a preponderance of the evi-

dence that the transfer of the assets of Vibrosearch Exploration to *Vibrasonics* on December 8–9, 1982, was made for fair consideration?" Part of appellant's argument under point of error eighteen goes to the sufficiency of the evidence supporting the finding that the December transfer of assets was made for fair consideration. We therefore believe that appellant unintentionally misstated his eighteenth point of error and we will review it as a challenge to the sufficiency of evidence supporting the jury's answer to special issue No. 13.

On December 8–9, 1982, Vibrosearch Exploration sold its assets to Vibrasonics. The consideration given by Vibrasonics was (1) it assumed $3.85 million of the debt of Vibrosearch to Interfirst Bank, which was guaranteed and secured by the assets of Vibrosearch Exploration, and (2) the Hodgins (owners of Vibrasonics) released a debt of $2.7 million against Vibrosearch. There is no evidence or special issue establishing the value of the assets sold to Vibrasonics by Vibrosearch Exploration.

■ However, the following evidence of the circumstances under which the sale was negotiated indicates that the consideration exchanged between the parties was fair. The Vibrosearch companies were in the midst of a declining industry and were trying to avoid bankruptcy. In addition to severe cash flow problems, the companies were burdened by management problems and a complete breakdown of communications between Mr. Franklin, the owner of Vibrosearch, and the Hodgin brothers. Vibrosearch was in default on its debt to the Hodgins and the Vibrosearch companies were unable to keep current on payments to Interfirst. The debt to Interfirst was in excess of the assets of all the Vibrosearch companies. Bankruptcy was inevitable unless something could be done to reduce the indebtedness of Vibrosearch. If Vibrosearch failed, Interfirst would call its notes and all of the companies would fall. The sale of the assets of Vibrosearch Exploration to Vibrasonics was carefully bargained and structured by Franklin, Interfirst and the Hodgin brothers who each had opposing interests. Therefore, we find the evidence sufficient to support the jury's answer that the transfer of the assets of Vibrosearch Exploration to Vibrasonics was made for fair consideration. Point of error eighteen is overruled.

In points of error five and six appellant contends that the trial court erred in disregarding the jury's answers to special issues Nos. 5 and 6 that on December 9, 1982, the transfer of assets from Vibrosearch Exploration to Vibrasonics was intended by Vibrosearch Exploration to defraud appellant and to hinder or delay appellant from obtaining that to which he is entitled. These findings support appellant's theory that the transfer was void under § 24.02 of the Business and Commerce Code.

■ The trial court correctly disregarded these issues because the evidence and other jury findings establish as a matter of law that appellant was not defrauded, hindered, or delayed by the transfer. Just before the December 8–9, 1982, transfer, Vibrosearch was indebted to Interfirst Bank in excess of $10 million. This debt was secured by the assets of Vibrosearch Exploration and greatly exceeded the value of these assets at the time of transfer. Because Interfirst Bank had a perfected security interest in these assets, it had priority over appellant who was an unsecured creditor. TEX. BUS. & COM.CODE ANN. § 9.301(d) (Vernon Supp.1985). Thus, appellant was not defrauded, hindered or delayed by the transfer. Points of error five and six are overruled.

Nothing would be added to this opinion by a discussion of appellant's other points of error, or appellees' cross-points of error; therefore they are all overruled.

We hold that the trial court did not commit any reversible error and affirm its judgment in all respects.