

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00273-CV

**PROFESSIONAL SERVICES TECHNOLOGIES, LLC**
f/k/a The Helpful Computer Guy, LLC,
Appellant

v.

Christina **WHIPPLE**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2016-CV-05563
Honorable J. Frank Davis, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

Professional Services Technologies, LLC, formerly known as The Helpful Computer Guy, LLC ("HCG"), appeals the trial court's judgment against it on its suit for sworn account. We affirm the trial court's judgment.

### BACKGROUND

HCG performed information technology (IT) services for Whipple at her office, setting up and configuring computers, a file server, printers, backup batteries, and installing software. Whipple paid HCG's first invoice for $1,028.38, but refused to pay a second invoice for $2,752.21.

HCG filed a suit on sworn account against Whipple in justice court seeking recovery on Invoice #4060 for $2,752.21. Whipple filed a general denial and counterclaims. Judgment was rendered for Whipple. HCG appealed to the county court for a de novo trial. *See* TEX. R. CIV. P. 506.3.

In county court, HCG's live pleading was its Second Amended Petition which alleged a suit on sworn account for $2,752.21 and, in the alternative, claims for quantum meruit and breach of contract seeking actual damages in the same amount as the sworn account, plus attorney's fees. Whipple's live pleading was her First Amended Answer and First Amended Counterclaim which consisted of a general denial of "each and every allegation" by HCG and counterclaims for negligence, false, misleading and/or deceptive acts under the Deceptive Trade Practices Act (DTPA), and common law fraud. Whipple sought recovery of her actual damages, including the expenditure of $1,100 for a second IT provider to "fix the problems created by HCG," plus treble damages under the DTPA and attorney's fees. One week later, Whipple filed an affidavit stating, "I deny the claims made in Plaintiff's Second Amended Petition, specifically, but not limited to, the amount Plaintiff claims is owed. I also verify the allegations made in my First Amended Answer and First Amended Counterclaim." The parties subsequently conducted discovery and went through the summary judgment process.

At a pretrial hearing before trial commenced, HCG objected to Whipple's lack of a sworn denial in her First Amended Answer, arguing that her stand-alone affidavit denying the sworn account was not a pleading and did not meet the requirements of the applicable rules of civil procedure. *See* TEX. R. CIV. P. 93(10) (requiring a pleading "verified by affidavit" to deny a plaintiff's sworn account); TEX. R. CIV. P. 185 (requiring a defendant to timely file a "written denial under oath" in order to challenge a suit on a sworn account); *see also* TEX. R. CIV. P. 45 (defining "pleadings" as a petition and answer). HCG argued the sworn denial must be contained in the same document as the answer and the proper method to cure the defect was for Whipple to

file a sworn second amended answer. Whipple pointed out that her affidavit expressly referred to and verified her First Amended Answer and specifically denied the amount owed in HCG's sworn account; it was not just a "random" affidavit filed in the case or an affidavit related to a summary judgment motion. The trial court overruled HCG's objection to Whipple's answer, stating her affidavit was "very specific" in that it expressly verified her First Amended Answer "very close in time to its filing" one week earlier, and also specifically denied the amount HCG claimed was owed. The court also noted the fair notice purpose of pleadings and observed that Whipple's First Amended Answer and the affidavit had been on file for 18 months; given the passage of time, no party was subjected to unfair surprise at the time of trial.

The bench trial proceeded with both sides presenting evidence in support of their claims and counterclaims. At the conclusion of trial, the trial court took the case under advisement. On February 11, 2020, the trial court signed a final judgment awarding Whipple "$967.59 (trebled actual damages of $322.53 less credit)" plus $11,920 in attorney's fees, and $1,275 in court costs.[1] HCG filed a notice of appeal.

## ANALYSIS

In a single issue, HCG argues that Whipple's answer denying the sworn account was not properly verified and it was error for the trial court to allow Whipple at trial to deny the sworn account and proceed on her counterclaims "which all challenged the sworn account." It is undisputed that HCG properly pled its claim on a sworn account. The issue is whether Whipple's stand-alone affidavit filed one week after to verify her First Amended Answer is sufficient to constitute a sworn denial of the account under the applicable rules.

---

[1] There are no findings of fact and conclusions of law in the record. However, the parties agree that, according to its emailed findings, the trial court found that Whipple owed HCG $777.47 for its IT services based on breach of contract and quantum meruit, but it was offset by Whipple's recovery on her DTPA counterclaim.

Rule 185 governs suits on sworn accounts and provides in relevant part,

> [w]hen any action … is founded upon an open account … for goods, wares and merchandise, including any claim for a liquidated money demand … founded on business dealings between the parties, or is for personal services rendered, … on which a systematic record has been kept, and is supported by the affidavit of the party … to the effect that such claim is … just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, *unless* the party resisting such claim shall file a written denial, under oath.  A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be.

TEX. R. CIV. P. 185 (emphasis added).  Rule 93 complements Rule 185 by including "denial of an account" on the list of pleadings that must be "verified by affidavit." *Id.* 93(10).

HCG argues that Rules 93 and 185, when read in tandem with Rule 45's definition of a "pleading" as a petition or an answer, require the defendant's sworn denial of the account to be part of the answer document. *See* TEX. R. CIV. P. 45.  HCG asserts strict adherence to the pleading requirements is necessary for a denial to prevent the sworn account being taken as prima facie evidence of the debt.  HCG relies on cases that generally hold the lack of a verified denial precludes a challenge to a properly pled sworn account. *See Vance v. Holloway*, 689 S.W.2d 403, 404 (Tex. 1985) (per curiam) (a defendant that does not properly file a written denial under oath may not dispute the receipt of services or the correctness of the charges); *see also Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no pet.) (summary judgment properly granted for creditor on sworn account where defendant did not file a sworn denial of the account). In support of its contention that the verification must be included within the defendant's answer, HCG relies heavily on *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616 (Tex. Civ. App.—Tyler 1979, writ dism'd w.o.j.), in which the court held that, "Rules 185 and 93(k), when applied together (as they must be) to suits on sworn account, require that the language necessary to effectively deny the … sworn account, must appear in a pleading of equal dignity with the plaintiff's petition, and

therefore must appear in the defendant's answer." *Id.* at 620. The court further stated an answer "consists only of those instruments listed in Rule 83," and held an affidavit filed in opposition to a summary judgment motion did not comprise a part of the defendant's answer. *Id.*; *see* TEX. R. CIV. P. 83 (a defendant's answer consists of the original answer and any supplemental answers as may be necessary).

As Whipple points out, *Zemaco* and its progeny pre-date the 1984 amendments to Rules 93 and 185. At the time *Zemaco* was decided, Rule 185 required the filing of "a written denial, under oath, *stating that each and every item is not just or true, or that some specified item or items are not just and true . . . .*" *Zemaco*, 580 S.W.2d at 619 (quoting the former version of Rule 185) (emphasis added). The 1984 amendment to Rule 185 deleted the italicized language. Rule 185 now requires only a "written denial, under oath." TEX. R. CIV. P. 185. Similarly, before the 1984 amendment, Rule 93(k) required that a verified pleading deny that the plaintiff's sworn account is just "and, in such case, *the Answer shall state* that each and every item is not just or true, or that some specified item or items are not just and true." *Zemaco*, 580 S.W.2d at 619 (quoting the former version of Rule 93) (emphasis added). The 1984 amendment deleted subsection (k), and Rule 93 now requires only that a "denial of an account" be "supported by affidavit;" there is no longer a specific reference to the answer. TEX. R. CIV. P. 93(10). Thus, the explicit basis for *Zemaco*'s holding that the sworn denial must be stated in the answer itself no longer exists.

Cases decided after the 1984 amendments have recognized the loosening of the sworn account rules. In *Canter v. Easley*, the court held a verified denial of the particular paragraphs of the plaintiff's petition asserting a sworn account was sufficient, noting that, "Rules 185 and 93(10) do not specify a particular form for a sworn denial." *Canter v. Easley*, 787 S.W.2d 72, 74 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The court explained that Rule 185 was amended in 1984 "to eliminate the technical pleading requirements" and quoted the comment to the 1984

amendment stating, "[t]he rule is rewritten so that suits on accounts will be subject to ordinary rules of pleading and practice." *Id.* Other courts have held that, "[w]hile no specific form or words are required, the denial must be directed at the particular account in question." *Oliver v. Carter and Company Irr., Inc.*, No. 08-01-00446-CV, 2002 WL 1301568, at *4 (Tex. App.—El Paso June 13, 2002, no pet.) (mem. op.); *Andrews v. East Texas Medical Center-Athens*, 885 S.W.2d 264, 267 (Tex. App.—Tyler 1994, no writ) (a defendant's denial of a sworn account "must be written and supported by an affidavit denying the account"). "[T]he purpose of a verified specific denial is to point out the manner in which the plaintiff's allegations within the petition are not true. Otherwise neither the court nor the opposing party is apprised of the fact issue that necessitates further litigation." *Andrews*, 885 S.W.2d at 267; *see Huddleston v. Case Power & Equipment Co.*, 748 S.W.2d 102, 103 (Tex. App.—Dallas 1988, no writ) (a sworn general denial does not meet the requirements of Rules 185 and 93(10)).

Here, Whipple's affidavit contained an oath verifying that the allegations in her First Amended Answer were true. The affidavit expressly referred to and verified Whipple's answer. Thus, the situation here is distinguishable from the cases cited by HCG in which affidavits were filed which did not specifically reference the party's answer. Further, Whipple's affidavit specifically denied "the amount Plaintiff claims is owed" on the sworn account — her sworn denial directly controverted HCG's sworn account as required by Rules 185 and 93(10). *See* TEX. R. CIV. P. 185 (requiring the filing of "a written denial, under oath"); *id.* 93(10) (requiring a "denial of an account … supported by affidavit"). Applying the rules of fair notice pleading "as are required in any other kind of suit" per Rule 185, we conclude that Whipple's affidavit filed one week after her answer was sufficient to specifically deny, under oath, HCG's sworn account. *See* TEX. R. CIV. P. 45 (fair notice purpose of pleadings, and pleadings must be construed to do substantial justice); *see also Canter*, 787 S.W.2d at 74; *Andrews*, 885 S.W.2d at 267. As the trial court noted,

Whipple's First Amended Answer and affidavit denying the sworn account had been on file for 18 months before HCF raised its objection to their sufficiency on the morning of trial; there was no element of unfair surprise. We overrule HCF's issue on appeal.

## CONCLUSION

Based on the foregoing reasons, we affirm the trial court's judgment.

Liza A. Rodriguez, Justice