Richard H. DeWEES, Appellant,

v.

H. J. Al ALSIP, Appellee.

No. 6552.

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1977.

**693**

In the Plaintiff's original petition, Richard DeWees sued C. E. Luna and H. J. Al Alsip alleging that the Defendants executed and delivered to Plaintiff their promissory note in the sum of $23,100.00, with an unpaid balance due on the note in the sum of $18,550.00. The suit also sought recovery of interest and attorney's fees as provided in the note. The note was attached to the petition as an exhibit. There followed an affidavit in which Mr. DeWees swears that the attached exhibit is the instrument signed by Mr. Luna and Mr. Alsip on the date stated, that the allegations in the petition are true and within the knowledge of the affiant, that the same is due, that there is an unpaid balance of $18,550.00, plus interest and attorney's fees and costs, and that all offsets, payments and credits have been allowed.

The Defendants answered that the note was given in connection with a contract which was attached, and which provided in part:

"(3) C. E. Luna and Al Alsip d/b/a Texas Contracting Company shall pay to Richard H. DeWees the sum of $700.00 per month for 33 months, or until such time as Richard H. DeWees can be released from the obligation due K.B.K. which is a joint obligation with C. E. Luna."

Defendants then alleged that DeWees was fully and completely released on May 6, 1974, of any and all obligations due KBK, and, as a result thereof, the Defendants were not indebted to DeWees in any sum whatsoever.

The case was tried to the Court without a jury after Plaintiff took a nonsuit as to C. E. Luna, who was deceased. After Mr. DeWees identified the note and it was admitted into evidence, his attorney moved for an instructed verdict on the grounds that this was a suit on a sworn account, and there being no sworn denial, there was no defense on which an issue could be raised by the remaining Defendant. The trial Court denied the motion. Mr. DeWees then testified on cross-examination. He stated that he had previously owned an oil field

Warren, Burnett, Associated, Wm. Ruff Ahders, Richard J. Clarkson, Odessa, for appellant.

Ken Griffin, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This case involves a promissory note and a contract for the sale of a partnership business which were executed simultaneously. The trial Court denied recovery on the note and we affirm.

service company. He acknowledged that after Mr. Luna became a part owner, they borrowed $37,309.68 from KBK Financial, Inc., in August, 1973, and each of them personally guaranteed the loan. In December, 1973, Mr. Alsip became a partner with Mr. Luna in the service company, and at that time, they both executed the note and contract involved in this suit. Mr. DeWees admitted that he was paid $700.00 per month, as provided for in the note, until he was released by KBK in May, 1974. No further payments were made.

Mr. Alsip said he signed the note and contract at the same time, and that all payments were made until Mr. DeWees was released by KBK. Cancelled checks were offered to prove such payments. He testified that there was only one obligation, which was set forth in the contract, and that the note was evidence of the contractual obligation. Mr. Sutcliffe, a Vice President of KBK, testified that Mr. DeWees was released from his obligation to KBK in May, 1974, when the business was incorporated.

Mr. DeWees appeals from a take nothing judgment asserting that the trial Court erred in denying him recovery on the note, particularly in denying his motion for instructed verdict where no sworn denial was filed under oath pursuant to Rules 93 and 185, Tex.R.Civ.P. Under Rule 93(h), if no sworn denial is made of the execution of a written instrument, such issue may not be raised in the trial. In this case, Mr. Alsip never attempted to question the execution of the note. He admitted that he signed it. It was admitted into evidence without any objection by his counsel. But that alone does not establish absolute liability and preclude all defenses which have been raised in the pleadings.

Under Rule 185, a sworn account shall be taken as prima facie evidence thereof, " * * * unless the party resisting such claim shall * * * file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true

* * *." We conclude that Rule 185 is not applicable in this case.

First of all, this Rule applies only to those transactions in which there has been a sale of certain goods, wares and merchandise, or the performance of personal service, or labor done, or materials furnished where a specified sum is claimed for such goods, services, or materials. A sworn account does not cover transactions between parties resting upon special contract. *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958). Rule 185 requires that the account sued upon show upon its face with reasonable certainty the nature of each item sold or service rendered, the date of each sale or service, and the reasonable charge therefor. *Unit, Inc. v. Ten Eyck-Shaw, Inc.,* 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.). There was no such pleading in this case.

Even if the rule on sworn accounts applied to notes or a special contract, it could not be applied in this case. Rule 185 specifically requires that the pleading be supported by an affidavit that the claim is "just and true." The affidavit of Mr. DeWees attached to his pleadings said that the amount was due and unpaid, but not that the account was "just and true." Such an affidavit is insufficient to comply with the requirements of Rule 185. *Johnson v. Walker,* 330 S.W.2d 508 (Tex.Civ.App.—San Antonio 1959, no writ).

In those cases where the Rule is applicable, the stated account is received as prima facie evidence, but the failure to deny the account under oath does not deny the Defendant the right to defend on other grounds raised by his pleadings and which raise a defense other than the correctness of the stated charges. 2 McDonald, Texas Civil Practice, Sec. 7.31 (1970). Thus, a defense of payment or accord and satisfaction may be established, where pled, even though there is no sworn denial of the account. *Goddard Machinery Company v. Industrial Equipment Repairs,* 351 S.W.2d 371 (Tex.Civ.App.—Waco 1961, no writ).

There being evidence that the note was signed simultaneously with the con-

tract, that there was but one obligation as set forth in the contract, which was evidenced by the note, and that that obligation had been fully discharged, the trial Court correctly entered a take nothing judgment.

The Appellant's three points of error are overruled. The judgment of the trial Court is affirmed.