**WAUSON AND WILLIAMS, ARCHITECTS, INC., successor by change of name to Concept & Image, Inc., Appellant,**

v.

**REEDER DEVELOPMENT CORPORATION,**
**Appellee.**

**No. 17131.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1978.

Rehearing Denied Sept. 21, 1978.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellant.

Robert J. Barr, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit on a sworn account brought by Wauson and Williams, Architects, against Reeder Development Corporation under Rule 185, Texas Rules of Civil Procedure. The plaintiff's petition complied with the requirements of the rule. The defendant did not file a written denial, under oath, stating that each and every item is not just or true, or that some specific item or items are not just and true. The defendant admitted certain items of the account by referring to the invoice number, but with respect to other invoices listed by number the defendant denied having received or used the drawings or having obtained any benefit from the same and specifically denied the indebtedness. Four invoices forming a part of the plaintiff's sworn account represented work done by the plaintiff under the terms of a written contract. The defendant contented that the work represented by these invoices was incorrect, incomplete and useless to the defendant. The defendant denied receiving any benefit from the plans and specifications produced by the plaintiff under the contract and specifically denied the indebtedness to plaintiff shown by the four invoices. The defendant also filed a cross-action against the plaintiff for damages.

The case was tried to the court without a jury. The court entered a judgment for the plaintiff in the amount of $1750.00 plus attorney's fees and court costs, and rendered a take nothing judgment on the defendant's cross-action. Findings of fact and conclusion of law were filed. The plaintiff appeals.

■ The defendant has failed to file a written denial under oath in the form provided by Rule 185, Texas Rules of Civil Procedure. It cannot dispute the receipt of the items or services listed in the account or the correctness of the stated charges. The defendant is entitled to assert defenses in the nature of confession and avoidance without filing a sworn denial if they are properly pleaded. *Airborne Freight Corporation v. CRB Marketing, Inc.,* 566 S.W.2d 573 (Tex.1978); *Glasco v. Frazer,* 225 S.W.2d 633 (Tex.Civ.App.—Dallas 1949, writ dism'd).

■ With respect to the services rendered under the written contract the defendant does not deny that the services were rendered or that the charges stated are correct. It defends against these charges on the ground that a written contract between the parties required that the architects prepare drawings and specifications consistent with the restrictions and general architectural plan of the developer of a housing project and that the plans developed were incorrect, incomplete, and useless to the defendant.

This pleading properly invokes the defense of failure of consideration with respect to the plaintiff's invoices number 9661, 9681, 9708, and 9741. *New Trends, Inc. v. Stafford-Lowdon Company,* 537 S.W.2d 778 (Tex.Civ.App.—Ft. Worth 1976, ref. n. r. e.).

■ The defendant has asserted failure of consideration with respect of invoices 9200, 9397, 9488, 9667, and 9668. With respect to these invoices the defendant denied receiving, using, or having obtained any benefit from certain drawings. While this pleading is verified, it is not an affidavit in the form required by Rule 185 or Rule 93(k), *T.R.C.P. Airborne Freight Corporation v. CRB Marketing, Inc.,* supra; *Goodman v. Art Reproductions Corp.,* 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, ref. n. r. e.); *Oliver Bass Lumber Co., Inc., v. Kay & Herring Butane Gas Co., Inc.,* 524 S.W.2d 600 (Tex.Civ.App.—Tyler 1975, n. w. h.).

The defendant's pleading is insufficient to permit a contest to the plaintiff's verified account insofar as they attempt to contest the charges relating to the residential services, plans and drawings in the amount of $2848.00. The testimony that these plans were not delivered to defendant cannot be considered because the defendant failed to file a proper sworn denial. The plaintiff was entitled to the recovery of this sum as a matter of law. *Airborne Freight Corporation v. CRB Marketing, Inc.,* supra; *DeWees v. Alsip,* 546 S.W.2d 692 (Tex.Civ. App.—El Paso 1977, n. w. h.).

The trial court found that the plaintiff failed to comply with certain contractual provisions relating to the apartment project. The court further found that the plaintiff failed to substantially perform the architectural services required of it under the contract between the parties, but found the defendant received benefit by reason of the plaintiff's work on the apartment project of a value in the amount of $1400.00. The court also found that the defendant made an initial payment to plaintiff in the sum of $500.00 as an advance payment under the contract. All of these findings are sufficiently supported by competent evidence.

In July 1973 Tom Shipp, a representative of the defendant, met with Richard Williams, a representative of the architects, to discuss the preparation of plans for a large apartment complex. Mr. Shipp testified that he delivered to Williams on that date a plat of the property on which the apartments were to be built and a set of deed restrictions applicable to the property. Mr. Williams denied that the restrictions were furnished to him. Other employees of the architectural firm testified that no restrictions were found in the working file and that they had requested Mr. Shipp to furnish restrictions and that he failed to do so.

Mr. Gaudin and Mr. Ramero did the preliminary drawing on the project. Each testified that he worked from a plan which contained a ten (10) foot set-back line. Preliminary drawings showing the ten (10) foot set-back line were prepared and submitted to Shipp and the developer. There was testimony that these were approved and the architects were authorized to proceed with the next stage of the drawings. There was testimony that the architects completed all necessary drawings and specifications required by the contract.

In October after all the drawings were completed the architects were informed that they were using the wrong set-back line and the plans could not be approved. The evidence established that the 10 foot set-back line was shown on the survey furnished the architects and that the restrictions containing the 40 foot set-back line were filed subsequent to the date of the survey.

The contract between the parties provided for a maximum fee. At the time the architects learned of the 40 foot set-back line the bills submitted for their services had reached this maximum fee. The architects then informed the defendant that in order to complete the work they would have to do considerable additional work and then that "a more involved set of services— would cost a little more money." Mr. Shipp later notified the plaintiff that its services would no longer be used. He testified that the plaintiff requested a fee double the amount originally agreed upon.

Mr. Wauson, the architect in charge of the project, testified that the 40 foot set-back line necessitated starting over from scratch in developing the second phase drawings. He refused to agree with the defendant that everything he had done was of no value and testified that some units could still be used and certain items as far as the style of the elevations and things of that nature would have been of value.

Mr. Ramero testified that the discovery of the 40 foot set-back line necessitated a rethinking of the project. A new market analysis would be required to determine whether or not the project would be economically feasible. It would be impossible to construct the project to Mr. Shipp's density requirement using the plans which had been prepared. He testified that Mr. Shipp wanted him to continue under the old contract and redesign the project at the plaintiff's cost. He testified that it would take about the same time they had spent on the project to redesign it and prepare construction plans using the 40 foot set-back line without undertaking a market analysis.

Mr. Shipp testified that he employed Mike Hall to re-work the preliminary plans which he had received from the plaintiff and that Mike Hall "charged a lot more than" $600.00 for reworking these plans.

The written contract between the parties recites that it is the intention of the owner to construct an approximately 350 unit

apartment project on certain described property. It provides that the architects shall consult with the owner to ascertain the requirements of the project and shall confirm such requirements to the owner. It provides that the architects' services shall be rendered in phases. In phase 1 the architect was to prepare schematic design studies consisting of drawings and other documents illustrating the scale and relationship of the project components for approval by the owner.

The trial court has found that the plaintiff failed to comply with that provision of the contract requiring confirmation to the defendant of the requirements of the project. There is evidence that the architect prepared schematic designs and studies which were approved by the owner and subsequently, after corrections were made, used by the owner. The trial court found that the defendant received benefit by reason of the plaintiff's work on the apartment project of a value in the amount of $1400.00.

The contract also provides that if authorized the owner will pay for additional services in making major revisions in drawings, specifications, or other documents when such revisions are inconsistent with written approval or instructions previously given and are due to causes beyond the control of the architect. The trial court found that the building restrictions were given to the architect. The revisions caused by the failure to observe the 40 foot set-back line were not due to causes beyond the control of the architect. The trial court found that the plaintiff failed to substantially perform the architectural services required of it under the contract and thereby breached the contract. There is evidence to support this finding. The findings made by the trial court which have been discussed above are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

■ The only affirmative defense plead by the defendant was failure of consideration. The burden of proof rested with it.

Since the evidence failed to show a total failure of consideration, but did show a partial failure, the defendant had the burden of furnishing evidence from which the trier of fact could determine the extent to which the consideration had failed. *Gutta Percha and Rubber Manufacturing Co. v. City of Cleburne*, 102 Tex. 36, 112 S.W. 1047 (Tex.1908); *American National Bank of Houston v. American Loan and Mortgage*, 228 S.W. 169 (Com.App., Section A, 1921, judg. adopted); *Huff v. Speer*, 554 S.W.2d 259 (Tex.Civ.App.—Houston [1st Dist.] 1977, ref. n. r. e.).

Plaintiff's Exhibit 13 is an itemized statement of services performed in the preparation of the schematic drawing and other work required by phase 1 of the contract. The hours spent on this work billed at the contract rate amounts to the sum $3750.00. There is testimony that the defendant paid Mike Hall the sum of $1839.00 for revisions and correcting errors in the preliminary plans. There is no testimony that the revisions were made by reason of the failure to observe the 40 foot set-back line. The testimony is that the revisions and corrections were necessary for the proper presentation of a new loan application.

There is evidence that services were rendered to the defendant for which he had agreed to pay the sum of $25.00 per hour. The sworn account without more proves a debt greatly in excess of $1400.00. The trial court finding of a failure of consideration on the part of the plaintiff must be construed with its further finding that the defendant received benefit by reason the plaintiff's architectural services. These findings of fact lead to the conclusion of law that the failure of consideration was partial only. Evidence was produced which would have sustained a finding that the plans produced by the plaintiff had no value.

The plaintiff asserts that there is no evidence or, in the alternative insufficient evidence, to support the trial court's finding of "only $1400.00 in benefits". In argument under these points it is contended that there is no evidence, or insufficient evi-

dence, to limit the plaintiff's recovery to $1400.00 rather than the sum of $9500.00, the amount established by the sworn account.

■ The insufficient evidence point is sustained. The evidence is insufficient to establish the cost of correcting the plan, or to establish which of the many services rendered by the plaintiff benefited the defendant. If it be correct that the defendant approved the first stage plans, this fact does not establish that the defendant received the full benefit of the services necessarily rendered in their production. There is evidence that these plans required revision in order to conform to the 40 foot set-back line.

The defendant, as cross-plaintiff, has presented no points of error complaining of that portion of the trial court's judgment ordering that the cross-plaintiff take nothing as against the plaintiff and cross-defendant. This portion of the judgment will be severed and affirmed. In all other respects the judgment is reversed and the cause is remanded.