**Ex parte Keith Wayne DAVIS.**

**No. 61168.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 19, 1979.

---

B. E. Moore, Longview, court appointed, for appellant.

Odis R. Hill, Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 124th District Court remanding appellant to the State of Louisiana for violation of parole.

In his sole ground of error appellant contends the court erred in overruling his objection to the introduction of the Executive Warrant of the Governor of Texas because the jurat on the application for requisition by the Attorney General of Louisiana was improperly executed.

On February 7th and 9th, 1979 the trial court conducted a hearing on appellant's habeas corpus application. The State offered into evidence the Texas Governor's Warrant, regular on its face. It is not clear from this record, however, whether the supporting papers were offered at the same time. We do find that appellant objected to the introduction of the Governor's Warrant because of the omission of the date in the jurat to the application for requisition. The application for requisition found in the record before us shows that it was signed by the Attorney General of Louisiana. The jurat to said instrument reads:

"State of Louisiana

"Parish of East Baton Rouge

"Sworn to and subscribed before me this _____ day of _____, 1979.

"/s/ Betty G. Ratcliff
Notary."

Article 51.13, V.A.C.C.P., is known as the Uniform Criminal Extradition Act. In § 23(3) thereof it provides that an application for a requisition *made in this state* seeking the extradition of an individual shall be verified by affidavit. We find nothing in said statute which would render a Governor's Warrant invalid because the application for requisition in the demanding state was not supported by an affidavit or because there are omissions in the jurat to said instrument.

While Louisiana has not adopted the Uniform Criminal Extradition Act, we observe that Article 276 of the Louisiana Code of Criminal Procedure provides as follows:

"The application for a requisition shall be verified by affidavit, executed in duplicate, and accompanied by two certified copies of all documents that are required for extradition by the law of the state from which the wanted person is to be returned. One copy of the application, with the action of the governor indicated by endorsement thereon, and one of the certified copies of the required documents, shall be filed in the office of the secretary of state. The other copies of all papers shall be forwarded with the governor's requisition. *Failure to meet the requirements of this article, or of Articles 274 and 275, will not invalidate a requisition issued by the governor.*" (Emphasis supplied.)

While Texas and Louisiana law require an application for requisition to be verified by affidavit, we observe that the absence of a date does not invalidate a jurat. 2 Tex.Jur.2d, Affidavits, § 19, p. 413; *Order of Aztecs v. Noble*, 174 S.W. 623 (Austin Court of Civil Appeals 1915).

In the instant case the application for requisition was signed by Louisiana's Attorney General and sworn to before a notary. Only the date in the jurat is missing. The remainder of the document is regular on its face. Cf. *Ex parte Case*, 485 S.W.2d 561 (Tex.Cr.App.1972).

We cannot conclude that the court erred in overruling appellant's objection to the Governor's Warrant nor can we conclude there was any basis to defeat extradition on the ground urged. See and cf. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

The judgment is affirmed.