**Ex parte Donald Ray FEAST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00392–CR.**

Court of Appeals of Texas, San Antonio.

February 29, 1984.

Rehearing Denied April 4, 1984.

Greg Canfield, San Antonio, for appellant.

Sam Millsap, Jr., Barry Hitchings, Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an extradition case. Appellant was denied relief in a writ of habeas corpus proceeding and was remanded to custody pending extradition to the State of Louisiana.

■ The central issue is whether the Louisiana agent's commission and Louisiana Governor's warrant must comply with the authentication and certification requirements of TEX.REV.CIV.STAT.ANN. art. 3731a, § 4 (Vernon Supp.1982–1983). Appellant attacks the validity of the Louisiana agent's commission and the Louisiana Governor's warrant on the grounds that they were not authenticated. Ordinarily the State makes out a *prima facie* case by introducing the Governor's warrant and duly authenticated supporting documents. *Ex parte Viduari*, 525 S.W.2d 163 (Tex.Cr. App.1975). The habeas corpus proceedings do not constitute a trial on the merits, therefore appellant's contention that he was denied the right of confrontation is without merit. *Ex parte Scarbrough*, 604 S.W.2d 170, 173 (Tex.Cr.App.1980).

■ The authentication of public records sought to be introduced as evidence is controlled by article 3731a, *supra*, which in substance provides that the "... writings ... be attested by the officer having the legal custody of the record, or by his deputy." "Except in the case of a copy of an official writing ... from a public officer of this State ..., the attestation shall be accompanied with a certificate that the attesting officer has the legal custody of such writing." *Id.* "If the office in which the record is kept is within the United States ..., the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of his office." *Id.* The required certification that the attesting officer has legal custody of the official writing sought to be introduced in evidence is mandatory. *See Garner v. State*, 552 S.W.2d 809, 812 (Tex.Cr.App. 1977). Generally, the "pen packet cases" wherein out of state records are sought to be introduced for enhancement of punishment purposes have been held to strict compliance with article 3731a, *supra; Phillips v. State*, 538 S.W.2d 116 (Tex.Cr.App. 1976); *Hutchins v. Seifert*, 460 S.W.2d 955 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

■ In the instant case the Louisiana Governor's warrant provides in relevant and pertinent part as follows:

Copies of 'affidavits,' Bills of Information, Warrants and Identification which I certify are authentic and duly authenticated in accordance with the laws of the State of Louisiana, that under the laws of this State Donald Ray Feast stands

charged with the crimes of Felony Theft, (3 counts) and Simple Burglary committed in this State, and it has been represented and is satisfactorily shown to me that the accused was present in this State at the time of the commission of said crime and thereafter fled from justice of this State, and has taken refuge and is now to be found in the County of Bexar, State of Texas....

The warrant bears the seal and signature of the Governor and Secretary of State, of the State of Louisiana. Thus this instrument duly authenticated the statements of the assistant district attorney in his sworn application for the requisition of appellant. A similar Governor's warrant was approved in *Ex parte Davis,* 586 S.W.2d 536 (Tex.Cr.App.1979).

In Texas, extradition is governed by TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon Supp.1982–1983) (Uniform Criminal Extradition Act). Section three of the Act provides in pertinent part as follows: "The copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." The demand for extradition has been held sufficient where accompanied by the "information" supported by affidavit. *See Ex parte Rosenthal,* 515 S.W.2d 114, 119 (Tex.Cr.App. 1974). In this case, the information is supported by the affidavit of Robert Cline, assistant district attorney. J. Andrus Barousse, the district clerk, certified that Cline was the duly appointed assistant district attorney and that the supporting documents are true and correct copies of the originals on file and of record. The district judge certified that Barousse was the duly elected district clerk, that it was his signature on the certificate and that he was the legal custodian of the seal. This certification is not in compliance with article 3731a, *supra,* or with the ruling in *Cortez v. State,* 571 S.W.2d 308, 311 (Tex.Cr.App. 1978), which require a certificate that the attesting officer was the legal custodian of the official records introduced or sought to be introduced into the evidence.

Appellant, however, argues that the Governor's warrant is not valid without authentication of the Governor's signature or position. We do not agree. Appellant introduced no evidence tending to establish that the Governor's signature was not genuine. The Governor's warrant from the State of Louisiana complies with the requirements of article 51.13, *supra.* The warrant was signed by the Governor and the Secretary of State, and bears the official seal of the State of Louisiana. In *Ex parte Quinn,* 549 S.W.2d 198, 202 (Tex.Cr.App.1977), the court held that article 51.13, *supra,* relative to the Governor signing a warrant of arrest for the purpose of extradition is a special statute and controls over the requirements of another general statute. *See Cuellar v. State,* 521 S.W.2d 277 (Tex. Cr.App.1975). Ground of error one is overruled.

■ Appellant next complains of trial court error in the admission in evidence of the Texas Governor's warrant, over objection, on the grounds that the State did not comply with the notice requirements under article 3731a, § 3, *supra.* The provisions of the Uniform Criminal Extradition Act, article 51.13, § 3, *supra,* control this issue and in substance provide that copies of all instruments attached to the warrant are to be delivered to the defendant or his attorney. In *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Cr.App.1980), the court held that the defendant or his attorney were entitled to duplicate copies of papers supporting extradition and failure to furnish such papers upon request was reversible error. Appellant in this case has not shown that he was denied copies of the warrants and supporting documents upon request. The second ground of error is overruled.

The judgment is affirmed.

CANTU, Justice, concurring.

I agree that the appeal has no merit and that the judgment should be affirmed. However, I find no reason to enter into a labored discussion of appellant's first ground of error inasmuch as the contention advanced on appeal was never preserved.

At the abbreviated extradition hearing the State sought to have the trial court

take judicial notice of the extradition documents prior to their admission into evidence. Appellant objected to the court taking judicial notice of the facts contained in the papers because "they had not been admitted in evidence under proper authentication."

The trial court then required the State to present its case before admitting the documents into evidence. Following the State's proof and tender of the documents into evidence appellant lodged his objections.

The only objections voiced by appellant addressed an alleged failure by the State to establish the proper predicate under the Business Records as Evidence Act.[1]

> [Defense counsel]: I have a number of objections to these. Number one: There has been no testimony that a person with personal knowledge at or near the time of the occurrence alleged, no one testified they have personal knowledge of the events that purportedly [sic] make up this warrant. Furthermore, the proper predicate for admission of the business records has not been laid.
>
> \* \* \* \* \* \*
>
> [Defense counsel]: Well, particularly there has been no predicate laid as to when Mr. Talbert or someone in the Governor's office or someone in the Sheriff's office had a business duty to make these records to sign their names to these papers. There has been no testimony as to personal knowledge on the part of this witness and these are the main two predicates which have failed to be brought forth.
>
> \* \* \* \* \* \*
>
> [Defense counsel]: Your Honor, it is fundamental. In order to get in business

records you have to prove up someone with personal knowledge at the time of events recorded, the facts that are pertinent. And at this point there has been no one to come forth with testimony proving up someone had personal knowledge. Furthermore, predicate to business records is that they were prepared in the business of the entity and someone that had a business duty to that entity prepared the record. And neither one of those predicates have been laid....

On appeal appellant now argues the State's failure to comply with the requirements of TEX.REV.CIV.STAT.ANN. art. 3731a (Vernon Supp.1982–1983), the Official Records Act. The complaint on appeal obviously does not comport with the objection lodged at trial. I would overrule appellant's first ground of error for this reason. *See Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Cr.App.1976).

I concur in the results.

---

1. TEX.REV.CIV.STAT.ANN. art. 3737e (Vernon Supp.1982–1983) in pertinent part provides:

   Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

   (a) It was made in the regular course of business;

   (b) It was the regular course of that business for an employee or representative of

   such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

   (c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.