Heloise Brown **CANTER** and Georgie McGehee, Appellants,

v.

Carl **EASLEY, Individually and dba 4–E Ranch, Bryan Trailer Sales, American Trailer Company, and Austin Trailer Sales, Appellee.**

No. 01–88–01134–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 25, 1990.

Rehearing Denied March 22, 1990.

Caren E. Walker, Houston, for appellant.

Norwood J. Ruiz, Galveston, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a take-nothing judgment against appellants in a suit on sworn account. The appellants also alleged alternative theories of breach of contract and quantum meruit. Trial was to the bench, and, at the close of appellants' case, both sides moved for judgment. The trial court granted appellee's motion for judgment.

Appellants contend, in their first point of error, that the trial court erred in denying their "motion for verdict" because appellee did not file a sworn written denial of the account pursuant to Tex.R.Civ.P. 185, 93(10). Because appellants' petition meets the requirements of rule 185, appellee, in order to deny the account, was required to file a written, sworn denial. Rule 185 provides:

A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided however, that if he does not timely file a written denial, *under oath*, he shall not be permitted to deny the claim, or any item therein, as the case may be.

(Emphasis added.) Rule 93 provides:

A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

10. A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.

A party who fails to file a sworn denial meeting the requirements of rules 185 and 93(10) may not dispute the receipt of items or services or the correctness of the stated charges. *Vance v. Holloway*, 689 S.W.2d 403 (Tex.1985).

Appellee's original answer states:[1]

COMES NOW CARL R. EASLEY, INDIVIDUALLY, AND D/B/A 4-E RANCH, BRYAN TRAILER SALES, AMERICAN TRAILER CO., AND AUSTIN TRAILER SALES, Defendant in the above-entitled and numbered cause, by and through his attorney of record herein, and files this, his Original Answer, and, for such answer would show the Court as follows:

### I.

Defendant denies the allegations contained in Paragraphs II and III and IV of the Plaintiffs' Original Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing herein, and that Defendant go hence with his costs of Court.

Paragraph II of plaintiff's original petition contains the sworn account allegations. Appellee's answer also contained an affidavit signed by appellee:

BEFORE ME, the undersigned authority, on this day personally appeared CARL R. EASLEY, and who being by me duly sworn did on his oath depose and state that all of the allegations and statements of fact contained in said instrument are true and correct.

---

1. The trial court struck appellee's first amended original answer, and that pleading is not

before us.

Appellants argue that appellee's answer constitutes only a sworn general denial, which does not meet the requirements of rules 185 and 93(10). *See Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d 102 (Tex.App.—Dallas 1988, no writ). The court held that a "sworn general denial" does not constitute a denial of the account upon which [the plaintiff's] claim was based. *Id.* at 104.

In this case, the appellee's sworn denial specifically focuses on the allegations contained in paragraph II, all of which plead elements of a sworn account. These allegations assert that appellee ordered and received, "at the agreed prices charged or at the reasonable market value," the items or professional services listed in the account summary attached as an exhibit to the petition; that appellee promised to pay appellants, but did not; that appellee owes a balance of $27,485.18; that the account was presented to appellee; that all just and lawful set offs, payments, and credits have been allowed; and that the account is true and correct and currently due and payable to the appellants.

Rules 185 and 93(10) do not specify a particular form for a sworn denial. In fact, rule 185 was amended in 1984 to eliminate the technical pleading requirements of the former version. *See* comment on the 1984 amendment to rule 185 ("[t]he rule is rewritten so that suits on accounts will be subject to ordinary rules of pleading and practice"). We hold that appellee's sworn answer meets the requirements of rules 185 and 93(10) and that it sufficiently denies the account upon which appellants' claim is based.

We overrule appellants' first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published.

The judgment is affirmed.