**Randy COOPER, d/b/a Cooper Farms, Appellant,**

v.

**SCOTT IRRIGATION CONSTRUCTION, INC., Appellee.**

No. 08–91–00352–CV.

Court of Appeals of Texas, El Paso.

Aug. 26, 1992.

Sterling Harmon, Seminole, for appellant.

James R. Caton, Seminole, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from an order granting summary judgment on an account in favor of Scott Irrigation Construction, Inc. (Scott), Appellee, and against Randy Cooper, d/b/a Cooper Farms (Cooper), Appellant. In a single point of error, Cooper contends that the trial court erred in granting summary judgment. We affirm.

Scott filed a petition, accompanied by an affidavit, for an amount allegedly owed to it on an account which arose from the sale and installation of an irrigation system on Cooper's farm. Cooper in his original answer pled a general denial and certain defenses to the effect that the system was defective and he suffered damages by way of repairs and loss of cotton. These pleadings were unsworn and unsupported by affidavit. Scott then filed its motion for summary judgment attaching as proof affidavits and copies of Cooper's account. Cooper filed an amended answer, alleging essentially the same defenses as pled in his original answer, including breach of express and implied warranties, violations of the Deceptive Trade Practices Act and negligence both by specific acts and generally under the doctrine of *res ipsa loquitur.* Although Cooper pled that he had suffered damages in the amount of $2,500 as a result of Scott's wrongful acts, his pleadings were defensive in nature rather than as a counterclaim against Scott for affirmative relief. Cooper also filed a response to the motion for summary judgment. Both Cooper's amended answer and his response were accompanied by identical affidavits in which he alleged facts in support of his defenses but failed to deny Scott's claim. The trial court granted the motion for summary judgment, reciting in its order that it "finds that [Scott's] suit is founded upon a Sworn Account, but that ... [Cooper] has failed to file an Answer in compliance with Rule 185, Texas Rules of Civil Procedure, and that no such Answer has been timely tendered...."

In reviewing a summary judgment appeal, the general rule is that this Court must determine whether the success-

ful movant in the trial court carried its burden of showing that there is no genuine issue of a material fact issue and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon*, 690 S.W.2d at 548–49.

█ Within his point of error, Cooper asserts four errors on the part of the trial court which he claims mandate a reversal and remand of the case. First, he contends that the court erred in ruling that the suit was based on a sworn account because of a defective affidavit attached and filed in support of Scott's petition. Specifically, Cooper claims that because of an omitted date in the jurat at the end of the affidavit ("SIGNED AND SWORN TO before me on March —, 1991."), it is essentially an unsworn statement not competent as summary judgment proof.

The lack of a specific date in the jurat of an affidavit does not render the affidavit invalid. *Order of Aztecs v. Noble*, 174 S.W. 623, 624 (Tex.Civ.App.—Austin 1915, no writ); 2 Tex.Jur.3d, *Affidavits*, § 19 (1979). The Texas Court of Criminal Appeals has cited and followed those authorities in *Ex parte Davis*, 586 S.W.2d 536, 537 (Tex.Crim.App.1979). *Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887 (Tex.App.—Houston [1st Dist.] 1987, no

writ), cited by Cooper in support of his contention that lack of a specific date renders an affidavit ineffective, is inapposite since that case involved a complete absence of notarization. The same may be said with respect to *Reese v. State*, 712 S.W.2d 131 (Tex.Crim.App.1986), another case cited by Cooper, which held only that even where the jurat of an affidavit in support of a search warrant was unsigned, it was not fatally defective since it was incorporated by reference into a properly executed warrant.

Cooper next complains that the trial court erred in ruling that he had failed to file an answer which met the requirements of Tex.R.Civ.P. 185.[1] This rule provides that where a plaintiff sues for recovery on an account with verified pleadings "to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed," that such allegations are to be taken as *prima facie* evidence of the truth of the claim. The defendant will not be permitted to deny the claim, or any item therein, unless he files a "written denial, under oath." Tex.R.Civ.P. 93(10) requires that a defensive pleading which denies a plaintiff's verified suit on an account must also be verified by affidavit.[2]

█ Rule 185 is a rule of procedure with regard to the establishment of a *prima facie* right to recovery in a suit on an account. *McNeil v. Pierce*, 688 S.W.2d 209, 210 (Tex.App.—El Paso 1985, writ ref'd n.r.e.). A defendant who fails to file a

---

1. Tex.R.Civ.P. 185 provides in relevant part:

    When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract ... or is for ... labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written

denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be.

2. Tex.R.Civ.P. 93 in relevant part provides as follows:

    A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

    .    .    .    .    .

    10. A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.

sworn denial which meets the requirements of Rules 185 and 93(10) is not entitled to dispute the receipt of items or services or the accuracy of the stated charges. *Canter v. Easley*, 787 S.W.2d 72, 73 (Tex. App.—Houston [1st Dist.] 1990, writ denied), citing, *Vance v. Holloway*, 689 S.W.2d 403 (Tex.1985). A correctly worded denial, properly verified as required by Rules 93(10) and 185, will destroy the *prima facie* effect of the verified claim and will force the plaintiff to prove his claim. *McNeil*, 688 S.W.2d at 210. On the other hand, a sworn general denial is insufficient to remove the evidentiary presumption created by a properly worded and verified suit on an account. *Huddleston v. Case Power & Equipment Co.*, 748 S.W.2d 102, 103 (Tex.App.—Dallas 1988, no writ). The "written denial, under oath" required by Rule 185 must also comply with Rule 93(10) which requires a special sworn denial in the defendant's answer to put the plaintiff's claim at issue. *Huddleston*, 748 S.W.2d at 103. A sworn denial in a response to a motion for summary judgment is not sufficient for this purpose. *Rush v. Montgomery Ward*, 757 S.W.2d 521, 523 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616, 620 (Tex.Civ.App.—Tyler 1979, writ dism'd). While no particular form or words are required by Rules 185 and 93(10) for a verified denial, the defendant's sworn answer must sufficiently deny the account upon which plaintiff's claim is founded. *Canter*, 787 S.W.2d at 74.

■ Here, Scott established its *prima facie* case by pleading that:

> In the usual course of business, Plaintiff sold materials and provided labor and services, to defendant as shown on the attached statement of account. Defendant accepted each item and became bound to pay Plaintiff its designated price, which is a reasonable, usual, and customary price for such materials and labor. The statement of account, marked 'Exhibit A,' is incorporated in this petition by reference as if copied herein verbatim. This account represents a transaction of which a systematic record has been kept.

Appended to the petition was an affidavit in which, among other things, the affiant stated that the account attached to the petition was "within my personal knowledge just and true. The total amount of the account is due Plaintiff by Defendant, and all just and lawful offsets, payments, and credits have been allowed." Cooper in his amended answer asserted only a general denial and various defenses. Neither in the answer itself nor in his accompanying affidavit did he set out any language that could be taken as a verified special denial of the account in order to put Scott's claim at issue. In fact, the only rather remote reference to the account is in Cooper's affidavit where he stated:

> During this time, Scott has refused on several occasions to repair the pipeline system, and the major repars [sic] have been done by myself or have been paid for out of my pocket. The cost of repairs and the loss to my 1990 cotton crop far exceed any amount otherwise due and owing for the pipeline system.

Although the pleading requisites have been somewhat relaxed from what was formerly required, Cooper's answer and affidavit do not constitute a sworn special denial.

As his third ground for reversal, Cooper claims that the trial court erred in considering defunct and irrelevant rules of law. The argument here is that since the trial court ruled that Cooper's answer and affidavit did not meet the requirements of Rules 185 and 93(10), the court must have been relying on the pre–1984 version of Rule 185 which required the use of the "magic words" "each and every item is not just or true." There is nothing in the record to indicate that the trial judge was basing his ruling on the previous version of Rule 185 or on the failure of Cooper to utilize the "magic words".

■ Finally, Cooper asserts error by the trial court in failing to consider genuine issues of material fact raised by his alternate defensive theories. As previously indicated, in addition to his general denial, Cooper pled several defenses including

breach of express and implied warranties, DTPA violations and negligence.

Where a defendant does not file a sworn denial to a suit based upon a sworn account as provided for in Tex.R.Civ.P. 185, the account is taken as true and a *prima facie* case is established. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). In such a case, the defendant may not dispute the receipt of the goods sold or services rendered or the correctness of the stated charges. *Id.* at 862; 2 McDonald, Texas Civil Practice § 7.31 (1982). Certainly, properly pled affirmative defenses may be raised. *DeWees v. Alsip*, 546 S.W.2d 692 (Tex.Civ.App.—El Paso 1977, no writ). We see under footnote 5, Section 7.31 of Texas Civil Practice many defenses which can be raised. These include payment, limitations and illegality among others. None of these defenses challenge the correctness of the account, they admit the account but say there can be no collection for the reason stated in the affirmative defense.

In this case, the defendant would contend that there can be no collection because the goods sold were defective and those defects resulted in a breach of express and implied warranties, negligence and DTPA violations. If the goods were defective when sold, then the account as stated could not be correct and the defendant has a complaint about the quality of the items sold and the correctness of the account or, in effect, the charges for defective goods. It is inconsistent to say the account is correct and cannot be contested, without a sworn denial, and yet say a defense can be raised that the goods sold are defective. If there was a defect, the account is not correct and that issue can only be raised by a sworn denial that says the amount charged for a particular item is not due and owing because the goods as delivered or services rendered were defective and did not have the value charged in the invoice which forms the basis for the sworn account.

We hold that if a defendant admits the account, such defendant can defend that it has paid that account or raise any other defense that is not inconsistent with a true and just account for goods or services which were delivered as ordered and without any defects, but cannot say that the goods were defective. Certainly the DTPA has no application in a defense to a sworn account. That statute creates a cause of action, not a defense, and in this case no affirmative relief was sought for a breach of that statute. Any claim that the irrigation system was defective and that such defects resulted in a breach of warranty or that there was negligence in the manufacture or installation of the system is a claim the system was defective and contrary to the admitted correctness of the stated charges.

The Appellant's point of error is overruled. The judgment of the trial court is affirmed.

KOEHLER, Justice, dissenting.

I respectfully dissent. All of Cooper's defensive pleadings were to the effect that though he was not disputing items in the account itself, he did not owe the amount claimed by Scott for the reason that the materials and workmanship were defective. Cooper's assertions[3] were affirmative defenses since, if supported by evidence, they would establish independent reasons why Scott should not recover rather than tend to rebut the factual propositions asserted in Scott's claim. An affirmative defense usually accepts the existence at one time or another of a *prima facie* case but alleges propositions which, if established, would defeat the claim. 2 McDonald, Texas Civil Practice § 7.34.1 (1982). See *Bracton Corporation v. Evans Construction Company*, 784 S.W.2d 708, 710 (Tex.App.—Houston [14th Dist.] 1990, no writ); *W.R. Grace Company v. Scotch Corporation, Inc.*, 753 S.W.2d 743, 746 (Tex.App.—Austin 1988, writ denied).

Although a defendant who fails to file a sworn denial that meets the requirements of Rule 185 is not permitted to dispute the receipt of the items or the services, or the correctness of the charges stated in the account, he is not prevented from defend-

---

**3.** Cooper's defensive pleadings are similar in effect to a plea of partial failure of consideration or a plea of confession and avoidance. They could well have been pled as counterclaims rather than as affirmative defenses.

ing on other grounds raised by his pleadings. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 863 (Tex.1979); *Wauson and Williams, Architects, Inc. v. Reeder Development Corporation*, 572 S.W.2d 24, 26 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Airborne Freight Corporation v. CRB Marketing, Inc.*, 566 S.W.2d 573, 574 (Tex.1978); *DeWees v. Alsip*, 546 S.W.2d 692, 694 (Tex.Civ.App.—El Paso 1977, no writ); 2 McDonald, Texas Civil Practice § 7.31 (1982). Notwithstanding the fact that the trial court was correct in finding that Scott had established a *prima facie* case on its sworn account, it erred by granting the summary judgment on the whole case, thus denying Cooper the right to a trial on his defensive theories.[4]

Accordingly, I would reverse the summary judgment and remand the cause for trial on the merits of Cooper's affirmative defenses for a reconsideration of the attorney's fees, if any, to be awarded to Scott.

---

**4.** We agree with the logic of Chief Justice Osborn's reasoning in his opinion, to the effect that if the goods or services were defective at the time they were sold or delivered, then a defendant must attack the sworn account itself by filing an appropriate sworn denial. A plain reading of Rule 185 would seem to support this result. A plaintiff in a sworn account suit swears that the claim is "just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed...." When an answering defendant pleads an affirmative defense such as accord and satisfaction, failure of consideration, limitations or any other matter constituting an avoidance (Rule 94), he may not be contesting the accuracy of the account or the receipt of the items or services, but he is certainly saying the account is either not just or true or that it is not due. Yet, the courts in the cases cited in both the opinion and dissent have held that defenses such as accord and satisfaction, failure of consideration, payment and limitations can be raised in spite of the failure of the defendant to file a proper sworn denial. Cooper's defenses of breach of warranty and negligence are similar to defenses of failure of consideration or confession and avoidance.