TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00586-CV






David Schwarz, a/k/a Adolph David Schwarz, Appellant



v.



The State of Texas; The City of Houston, Texas; and The Transit Authority


of Houston, Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 98-01392, HONORABLE PETE LOWRY, JUDGE PRESIDING







 David Schwarz, also known as Adolph David Schwarz, appeals from the summary
judgment favoring the State of Texas; the City of Houston, Texas; and the Transit Authority of
Houston, Texas. The appellees sued Schwarz for unpaid sales tax. The district court awarded
$113,181.12 in sales tax, penalties, and interest due. Schwarz appeals, contending that material
issues of fact exist regarding whether he as an individual owed the tax, and whether the appellees'
claim relies at least in part on a breach of fiduciary duty. We will affirm the judgment.

 Summary-judgment movants must show that no genuine issue of material fact exists
and that they are entitled to judgment as a matter of law; in reviewing summary judgments, we take
all evidence and inferences favoring non-movants as true and resolve all doubts in the non-movants'
favor. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1983). 

 The appellees supported both their original petition and their motions (1) for summary
judgment with certificates from the comptroller regarding the amount of tax Schwarz owed. The
appellees thereby established a prima facie case for collection of the delinquent taxes. See Tex. Tax
Code Ann. § 111.013(a) (West 1992).

 The tax code and the rules of civil procedure govern how defendants must respond
to such pleadings. Tax Code section 111.013(b) provides that "[t]he defendant may not deny a claim
for taxes, penalties, or interest unless the defendant timely files a sworn written denial that
specifically identifies the taxes, penalties, and interest the defendant asserts are not due and the
amounts of tax, penalties, and interest that are not due." Id. A defendant who fails to file a sworn
denial which meets the requirements of Rules of Civil Procedure 185 and 93(10) is not entitled to
dispute the accuracy of the stated charges. Canter v. Easley, 787 S.W.2d 72, 73 (Tex.
App.--Houston [1st Dist.] 1990, writ denied) (citing Vance v. Holloway, 689 S.W.2d 403, 403 (Tex.
1985)); Huddleston v. Case Power & Equip. Co., 748 S.W.2d 102, 103 (Tex. App.--Dallas 1988,
no writ). A sworn denial filed in a response to a motion for summary judgment is not sufficient. 
Rush v. Montgomery Ward, 757 S.W.2d 521, 523 (Tex. App.--Houston [14th Dist.] 1988, writ
denied); Zemaco, Inc. v. Navarro, 580 S.W.2d 616, 620 (Tex. Civ. App.--Tyler 1979, writ dism'd
w.o.j.); see also Cooper v. Scott Irrigation Const., Inc., 838 S.W.2d 743, 745-46 (Tex. App.--El
Paso 1992, writ denied).

 Schwarz's pleadings did not defeat appellees' prima facie case. He filed an unsworn
general denial in response to appellees' petition. He therefore "may not deny [appellees'] claim for
taxes, penalties, or interest." See Tex. Tax Code Ann. § 111.013(b). Schwarz's affidavits and
arguments in response to the appellees' motions for summary judgment are unavailing, including his
arguments that the taxpayer number in the certificates is incorrect (i.e., that the business for which
he worked incurred the liability, not himself) and that the appellees therefore must rely on a disputed
theory that Schwarz incurred the liability by breaching a fiduciary duty to those corporations.

 We affirm the judgment.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith, and Puryear

Affirmed

Filed: May 31, 2001

Do Not Publish

1. The plural "motions" refers to appellees' joint filing of a motion for summary judgment and
a second motion for summary judgment.


ME="7">98-01392, HONORABLE PETE LOWRY, JUDGE PRESIDING







 David Schwarz, also known as Adolph David Schwarz, appeals from the summary
judgment favoring the State of Texas; the City of Houston, Texas; and the Transit Authority of
Houston, Texas. The appellees sued Schwarz for unpaid sales tax. The district court awarded
$113,181.12 in sales tax, penalties, and interest due. Schwarz appeals, contending that material
issues of fact exist regarding whether he as an individual owed the tax, and whether the appellees'
claim relies at least in part on a breach of fiduciary duty. We will affirm the judgment.

 Summary-judgment movants must show that no genuine issue of material fact exists
and that they are entitled to judgment as a matter of law; in reviewing summary judgments, we take
all evidence and inferences favoring non-movants as true and resolve all doubts in the non-movants'
favor. See Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1983). 

 The appellees supported both their original petition and their motions (1) for summary
judgment with certificates from the comptroller regarding the amount of tax Schwarz owed. The
appellees thereby established a prima facie case for collection of the delinquent taxes. See Tex. Tax
Code Ann. § 111.013(a) (West 1992).

 The tax code and the rules of civil procedure govern how defendants must respond
to such pleadings. Tax Code section 111.013(b) provides that "[t]he defendant may not deny a claim
for taxes, penalties, or interest unless the defendant timely files a sworn written denial that
specifically identifies the taxes, penalties, and interest the defendant asserts are not due and the
amounts of tax, penalties, and interest that are not due." Id. A defendant who fails to file a sworn
denial which meets the requirements of Rules of Civil Procedure 185 and 93(10) is not entitled to
dispute the accuracy of the stated charges. Canter v. Easley, 787 S.W.2d 72, 73 (Tex.
App.--Houston [1st Dist.] 1990, writ denied) (citing Vance v. Holloway, 689 S.W.2d 403, 403 (Tex.
1985)); Huddleston v. Case Power & Equip. Co., 748 S.W.2d 102, 103 (Tex. App.--Dallas 1988,
no writ). A sworn denial filed in a response to a motion for summary judgment is not sufficient. 
Rush v. Montgomery Ward, 757 S.W.2d 521, 523 (Tex. App.--Houston [14th Dist.] 1988, writ
denied); Zemaco, Inc. v. Navarro, 580 S.W.2d 616, 620 (Tex. Civ. App.--Tyler 1979, writ dism'd
w.o.j.); see also Cooper v. Scott Irrigation Const., Inc., 838 S.W.2d 743, 745-46 (Tex. App.--El