COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

LAFONNE
LEEPER,                                           )                    No. 
08-01-00354-CV

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                     171st District Court

                                                                              )

CITIBANK SOUTH DAKOTA, N.A.,                 )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                           (TC# 2000-231)

 

O
P I N I O N

 

Lafonne Leeper was sued on a
sworn account by Appellee Citibank South Dakota, N.A.
to collect a debt on a credit card. 
Citibank moved for summary judgment, which the trial court granted.  Leeper complains on
appeal that the trial court erred in granting summary judgment.  We affirm.

FACTUAL AND PROCEDURAL SUMMARY








Citibank
sued Leeper on a sworn account for the amount of
$5,483.77 in January 2000.  In her
answer, Leeper claimed that her obligation was not in
default status by reason of having paid $435.25 prior to the commencement of
Citibank=s action.[1]  Citibank filed a motion for summary judgment,
which also included a request for attorney=s
fees.  Attached to the summary judgment
motion was an affidavit by Citibank=s
attorney, stating that he sought $1,827.92 in attorney=s
fees.  Leeper
filed a motion to dismiss on the grounds that the account was not in default.  Citibank filed a motion for final summary
judgment in April 2001, which incorporated the affidavits and evidence attached
to its earlier motion.  Leeper did not file a written response to either one of
Citibank=s motions
for summary judgment.  A hearing ensued
on the second summary judgment motion. 
No reporter=s record
was made, but the trial court granted leave to file an agreed bill of
exception.  The bill provides:

1.  A summary judgment hearing was held on June
12, 2001, attended by Temple Ingram, attorney for plaintiff, and Towner Leeper, attorney for defendant.

 

2.  Over the objection of plaintiff=s counsel the court placed Towner Leeper under oath who testified no discovery action was
pursued by plaintiff.  The court entered
it=s Order reducing plaintiff=s claims for attorneys
fees from $1,827.92 to $1250.00. 

 

3.  Telephonic approval was obtained from Temple
Ingram for this Bill of Exception.   

The
trial court granted summary judgment in favor of Citibank for $5,483.77 plus
attorney=s fees of
$1,250 together with costs expended.  Leeper was given a credit of $453.25 toward the judgment.[2]  Leeper=s motion for new trial was overruled by
operation of law and this appeal follows.

STANDARD OF REVIEW








In
her sole point of error, Leeper claims that the trial
court erred by granting summary judgment to Citibank.  Specifically, she argues that (1) a genuine
issue of material fact was raised when she stated in her answer that the debt
was not in default due to payment of a minimum amount due of $453.25 and (2)
the trial court=s
acceptance of oral testimony at the hearing was fatal to the granting of
summary judgment.

In
reviewing a trial court=s
grant of summary judgment, the issue is whether the movant
has established that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.  Tex.R.Civ.P. 166a(c); KPMG
Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d 746, 748
(Tex. 1999).  All evidence
favorable to the non-movant must be taken as true and
all reasonable inferences, including any doubts, must be resolved in the non-movant=s
favor.  Id. 

SUIT ON A SWORN ACCOUNT

Texas
Rules of Civil Procedure 185 and 93(10) govern a suit for debt on sworn
account.  Rule 185 provides as follows: 

When any action or
defense is founded upon an open account or other claim for goods, wares and
merchandise, including any claim for a liquidated money demand based upon
written contract or founded on business dealings between the parties, or is for
personal service rendered, or labor done or labor or materials furnished, on
which a systematic record has been kept, and is supported by the affidavit of
the party, his agent or attorney taken before some officer authorized to
administer oaths, to the effect that such claim is, within the knowledge of
affiant, just and true, that it is due, and that all just and lawful offsets,
payments and credits have been allowed, the same shall be taken as prima facie
evidence thereof, unless the party resisting such claim shall file a written
denial, under oath.  A party resisting
such a sworn claim shall comply with the rules of pleading as are required in
any other kind of suit, provided, however, that if he does not timely file
a written denial, under oath, he shall not be permitted to deny the claim, or
any item therein, as the case may be.  No
particularization or description of the nature of the component parts of the
account or claim is necessary unless the trial court sustains special
exceptions to the pleadings.  [Emphasis
added].

 

Tex.R.Civ.P. 185.  Rule 93 provides as follows:

A pleading setting
up any of the following matters, unless the truth of such
matters appear of record, shall be verified by affidavit.








.          .          .

 

10.  A denial of an account which is the
foundation of the plaintiff=s
action, and supported by affidavit. 
[Emphasis added].

 

Tex.R.Civ.P. 93(10).  

In
order to establish sufficient evidence to support a prima facie case in
a suit on a sworn account and sufficient evidence to support a summary judgment
disposition, the movant must strictly adhere to the
provisions of the Texas Rules of Civil Procedure.  Tex.R.Civ.P. 185, 93(10), 166a.  Andrews v. East Texas Medical Center-Athens, 885 S.W.2d 264,
267 (Tex.App.--Tyler 1994, no writ); Cooper v.
Scott Irrigation Construction, Inc., 838 S.W.2d 743, 746 (Tex.App.--El Paso 1992, no writ).  If there is a deficiency in the plaintiff=s sworn account, the account will not
constitute prima facie evidence of the debt.  See Enernational
Corp. v. Exploitation Eng=rs, Inc., 705 S.W.2d 749, 750 (Tex.App.--Houston
[1st Dist.] 1986, writ ref=d
n.r.e.).








At
the same time, the defendant=s
denial must be in writing and supported by an affidavit denying the
account.  Tex.R.Civ.P. 93(10); Andrews,
885 S.W.2d at 267.  A sworn
general denial is insufficient.  Huddleston v. Case Power & Equipment Co., 748 S.W.2d
102, 103 (Tex.App.--Dallas 1988, no writ); Cooper,
838 S.W.2d at 746.  A proper
denial will destroy the prima facie effect of the verified claim and
will force the plaintiff to prove the claim. 
Cooper, 838 S.W.2d at 746.  A party who fails to file a sworn denial as
required by Rules 185 and 93(10) may not dispute the receipt of items or
services or the correctness of the stated charges.  Canter & McGehee
v. Easley, 787 S.W.2d 72, 73 (Tex.App--Houston
[1st Dist.] 1990, writ denied), citing Vance v. Holloway, 689 S.W.2d 403
(Tex. 1985); Cooper, 838 S.W.2d at 746. 
If  the
defendant=s answer
does not satisfy the requirements of Rule 93(10), the plaintiff=s affidavit attached to its petition is
considered prima facie evidence to support a summary judgment and
additional proof of the accuracy of the account is unnecessary.  Rizk v. Financial Guardian Ins. Agency, Inc. 584, S.W.2d 860,
862 (Tex. 1979).  Consequently,
the plaintiff may dispose of the case on the pleadings alone.  Andrews, 885 S.W.2d
at 268.

Sufficiency of Leeper=s Answer

The
record reveals that Citibank=s
petition and supporting affidavit complied with Rule 185 and established a prima
facie case on the sworn account claim. 
In order to avoid summary judgment on the pleadings, Leeper
was required to controvert the claim with a proper written denial in accordance
with Rules 185 and 93(10) to put Citibank=s
claim at issue.  Huddleston, 784 S.W.2d at 103. 
Because of her failure to support her answer by affidavit as required by
Rule 93(10), we need not analyze the sufficiency of Leeper=s denial contained therein.  Thus, Leeper failed
to overcome the prima facie effect of Citibank=s
sworn account claim and Citibank could dispose of the case on its pleadings.  Based on those pleadings, summary judgment
was properly granted.








The
trial judge=s award
of $5,483.77 with a credit of $453.25 to Leeper was
also proper.  Citibank filed its suit on
sworn account on January 24, 2000.  The
petition alleged that Leeper had an outstanding
balance of $5,483.77 as of December 21, 1999. 
Citibank filed its motion for final summary judgment on April 19,
2001.  Attached to Citibank=s motion for summary judgment were
copies of Leeper=s
updated statements for the account at issue dated January 21, February 21, and
March 22, 2000.  The account statements
showed that Leeper=s
total principle balance was reduced to $5,030.52 on January 21, 2000 due to a
payment of $453.25 made at some point during the billing cycle for that
statement.  The court=s order granting summary judgment
states that payment was made on January 17, 2000.  Because Leeper
failed to adhere to the provisions of Rule 93(10) for denying Citibank=s claim for $5,483.77, Citibank was
entitled to summary judgment on that amount, with an offset made for Leeper=s
payment of $453.25, as reflected in the most recent account statements attached
as summary judgment evidence.

The Oral Testimony








Leeper also claims that the trial court=s acceptance of oral testimony at the
summary judgment hearing was fatal error. 
We disagree.  Leeper
correctly asserts that the introduction of oral testimony at a summary judgment
hearing is prohibited by Texas Rule of Civil Procedure 166a(c).  Tex.R.Civ.P. 166a(c)(ANo oral testimony shall be received at
the hearing.@).  However, Leeper=s claim is barred by the doctrine of
invited error.  According to the bill of
exception, Leeper=s
counsel testified about attorney=s
fees under oath over Citibank=s
objection.  The bill of exception does
not indicate whether Leeper made the request for
testimony or whether the trial court made the request.  Nonetheless, having provided the testimony at
the hearing, Leeper is in no position to complain
about the court=s error
on appeal.  While Leeper
properly preserved her complaint on the issue of the oral testimony, she is
precluded from complaining about an error that might have resulted from the
court=s
acceptance of the oral testimony.  See
Tex.R.App.P.
33.1(b); General Chemical Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex. 1993); Austin
Transportation Study Policy Advisory Committee v. Sierra Club, 843 S.W.2d
683, 689-90 (Tex.App.--Austin 1992, writ denied).[3]  She cannot receive the benefit of the trial
court=s
procedural error and then complain about it on appeal.  Moreover, we note that Leeper
has failed to show that the taking of the oral testimony caused her any
harm.  As a result of Citibank=s testimony at the hearing, the trial
court reduced Leeper=s
obligation for attorney=s
fees.  Leeper=s point sole is overruled and the
judgment of the trial court affirmed.

 

 

August 15, 2002

                                                                          

ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  The substance
of Leeper=s answer
states:

 

1.  Defendant=s obligation to plaintiff is not in default having
been brought current by payment of $453.25 on January 10, 2000 prior to
commencement of this action.

 

2.  Defendant demands a jury.





[2]  The order
states in pertinent part:

 

It is
ORDERED that Plaintiff, Citibank South Dakota N.A., have judgment from LAFONNE
LEEPER for $5483.77, plus attorney=s fees
of $1,250.00 to Riecke Baumann together with costs in
this behalf expended, all to bear interest at the rate of 18 per cent per annum
from the date of judgment, for all of which let execution and all other writs
and abstracts immediately issue. 
Defendant is to be given credit of $453.25 for payment on account number
4128003188348984 made on January 17, 2000. 






[3]  One court of
appeals has determined that the doctrine of invited error only applies when a
party seeks relief in the trial court and then complains on appeal that the
trial court granted the relief sought.  See AY@ Propane Services, Inc. v. Garcia,
61 S.W.3d 559, 570 (Tex.App.--San Antonio 2001, no
pet.).  It is not completely clear
that Leeper asked the trial court to take the oral
testimony.  The bill of exception does
not indicate that Leeper made the request; however,
the bill does reveal that Citibank objected to the testimony while Leeper did not.  In
its brief to this court, Citibank claims that Leeper
requested the testimony, but that assertion is not supported by any citation to
the record.  Under the circumstances, it
is quite likely that Leeper made the request in order
to contest the amount of attorney=s fees,
particularly since Leeper failed to file a response
to the motion for summary judgment. 
Citibank=s motion contained an affidavit supporting its request
for attorney=s fees in the amount of $1,827.92.